## Frederick Burger *et ux.*

### *v.*

## Joseph Belsley and John Meister.

1. Husband and wife — *in suits to recover for injuries to wife — when need not be joined.* In a suit to recover for injuries inflicted on the wife, or her property, where it appears that at the time of its commencement, they were living separately, without fault on her part, the husband need not join.

2. Same — *when will be presumed as living together.* And when, in such case, it appeared that the husband had consented that the suit might be brought in

their joint names, it will be presumed that they were living together at the time of its commencement, and when his consent was given, and he will not be permitted to show to the contrary, and that such suit should have been brought in the wife's name alone.

3. SAME — *husband may dismiss suit — unless indemnified.* After suit brought in such case, he may, however, have it dismissed, unless indemnified against liability for future costs, for its further prosecution.

4. SAME — *cannot claim indemnity for costs already accrued.* But he cannot require indemnity for costs already accrued in the suit.

5. SAME — *of the bond of indemnity — wife joining in — not liable to husband.* In such case, the wife joining in the execution of the bond of indemnity to the husband, does not render her liable to the husband. The act of 1861 in no wise changes the relations of husband and wife in this respect.

6. SAME — *nor vitiated by her joining in.* Nor would such bond be vitiated by her joining therein, as in a suit upon it, she might be disregarded as a party, by averring that she was *feme covert.*

WRIT OF ERROR to the Circuit Court of Woodford county ; the Hon. S. L. RICHMOND, Judge, presiding.

The case is stated in the opinion.

Messrs. HOPKINS & CHITTY, for the plaintiffs in error.

Mr. BURNS, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of trespass *vi et armis*, for an assault and battery and false imprisonment, brought by Frederick Burger and Barbara Burger, in the Woodford Circuit Court, against Joseph Belsley and John Meister. The declaration counts on injuries to Barbara, the wife of Frederick Burger. Issues were formed on pleas filed by defendants, and at the August Term of the court, Frederick, by an attorney, not previously connected with the suit, entered a motion to dismiss the suit, and in support of his motion filed an affidavit stating that it was commenced without his authority. His co-plaintiff resisted the motion and filed counter affidavits. From these affidavits, there seems to have been authority by him to bring the suit. This motion was overruled.

He then entered a motion to require his co-defendant to indemnify him against the costs of suit. This motion was sus-

74          BURGER *et ux. v.* BELSLEY *et al.*          [Sept. T.,

Opinion of the Court.

tained. Barbara then filed a bond under the rule. This was objected to by Frederick, because Barbara, with others, had signed it as a party, and because it did not cover the costs which accrued prior to entering the motion to dismiss. The court sustained this motion, except as to costs already adjudged, against defendants. Barbara then tendered a bond complying with the order of the court, except it did not provide for indemnity against costs already accrued, and leave was asked to file this bond and proceed to trial, but the motion was overruled.

She then entered a motion, sustained by affidavit, to be permitted to prosecute as a poor person, but this motion was refused by the court, and the suit was dismissed. Exceptions were taken and preserved in the record, to the various rulings of the court against Barbara Burger; and the case is brought to this court, and the judgment of the court below, dismissing the suit, is insisted upon as error.

At the common law, the husband and wife must, as a general rule, join to recover for damages to either the wife or her property. But this was not so where the husband and wife were living separately, without her fault. *Love* v. *Moynehan*, 16 Ill. 277; *Prescott* v. *Fisher*, 22 id. 390. In those cases it was held, that where a wife was deserted by her husband she might acquire property and sue and be sued as a *feme sole.* In the first of these cases it was said that it is the presumption, that the husband and wife live together. We must presume, in this case, that the husband and wife were living together at the time the suit was commenced, and when he gave his consent that the suit might be brought in their joint names, and he cannot now show that they were separated, and that the suit should have been brought in the name of the wife alone, and prevent its further prosecution.

If, however, after the suit has been so brought, the husband from having separated from his wife, or other cause, becomes desirous of dismissing the suit, he may no doubt do so, unless he shall be indemnified against loss by its further prosecution. The law has wisely afforded a remedy for every wrong, and is

not restrained by its inflexible rules, from adopting all such means as will protect the citizen in his personal security. Otherwise, when a woman is separated from her husband, she would become as it were outlawed, and unprotected from injuries to her person or property. This cannot be tolerated in a civilized country where laws exist and are enforced. After the husband and wife have separated, he of all others, is usually the least inclined to vindicate the rights of the wife, and to protect her person or property from injury. In such a case there must be a remedy. And the court will, in the exercise of a sound discretion, permit the suit to progress, although the husband may desire to be relieved from further expense or liability, especially when the wife shall indemnify him against the costs.

But having joined with the wife, and brought the suit, or having consented that it might be done, we are at a loss to perceive any reason why he should be permitted to retract. While he may refuse to proceed further and increase his liability for future costs, he surely has no right to have indemnity against those he has voluntarily incurred, or permitted to be made, with his consent. His liability in such a case has been incurred, and he has no claim moral or legal to have them refunded, or to be indemnified against their payment from his wife. Nor does the law give him the right to impose the terms or conditions in a case like the present, upon which his wife may seek redress, through the channels of the law, for injuries she may have suffered in her person or property. Nor can the court in the exercise of a discretion impose such terms. The court therefore erred in requiring an indemnity against liability for costs already accrued.

At the common law, by the marriage, the legal existence of the wife, for most purposes, is merged in the husband. She is unable to contract either with her husband, or with others, except under very few and peculiar circumstances. The wife in this case could not become liable to the husband on the indemnity bond. Nor do we see that the law of 1861, usually called the married woman's act, changes their relations in this

respect. But, while this is true, no reason is perceived why the bond was vitiated by her joining in its execution. If the act was null on her part, it was precisely as if she had not attempted to act in the matter; had suit been brought upon it, she might be disregarded as a party, by averring that she was a *feme covert.* In requiring a bond to indemnify the husband for costs, which had accrued before he entered his motion to dismiss, the court below erred, and the judgment of dismissal is reversed and the cause remanded.

*Judgment reversed.*