THE CITY OF PERU

*v.*

LAURA A. FRENCH.

1. COMPROMISE—*effect of a proposition to compromise, upon the rights of the party making it.* A mere proposition made by a party to take a certain sum, by way of compromise or in settlement of his claim against another, is in no way binding unless accepted by the latter; nor will the fact that a party has so offered to settle his claim, operate to his prejudice in case he afterwards resorts to his action to recover the same.

2. SAME—*authority of attorney to withdraw the same.* The defendant in an action brought in the name of Laura A. French, offered in evidence a paper addressed to the defendant, purporting to withdraw a proposition to accept a certain sum for damages suffered by the party signing it, by reason of the negligence of the defendant, and signed "Augusta L. French," by a third person, "her attorney": *Held*, aside from the view that if the plaintiff made such a proposition, it was not binding upon her unless accepted, the paper did not purport to be signed in the true name of the plaintiff, nor did it appear the attorney had authority to send such a paper to the defendant, and it was, therefore, not error to reject it.

3. NEW TRIAL—*verdict against the evidence.* The verdict of a jury should not be disturbed, unless, upon examination of the evidence in the record, it

appears to have been the result of passion or prejudice, or is manifestly against the weight of the evidence.

4. INCORPORATED CITIES—*liability for injuries resulting from defective highways.* Incorporated cities are liable, in this State, to a private action for the recovery of damages resulting from a neglect of duty on the part of the city authorities to keep its streets and cross walks in repair.*

5. EXCESSIVE DAMAGES—*action against a city.* In an action against a city to recover damages for injuries sustained by the plaintiff in consequence of the omission on the part of the city to keep a certain street crossing in repair, it appearing the plaintiff had her leg broken, suffered great pain during a long period of time and received some permanent injury, and was to considerable expense for medical aid, a verdict of $2000 was regarded as not so excessive or oppressive in its amount, as to require a reversal of the judgment for that cause alone.

6. MEASURE OF DAMAGES—*in action for injuries received by a married woman, brought by her after divorce.* Personal injuries were received by a married woman by reason of the neglect of a city to keep a certain street crossing in repair. At the time of receiving the injuries the wife was living separate and apart from her husband without fault on her part, and so continued until she obtained a divorce, the husband having abandoned her, and she, in the mean time, supporting herself by her own industry: *Held,* in an action subsequently brought by her against the city, she could recover for the loss of her time and for money expended for medical aid, during the period of her coverture intervening between the time of receiving the injuries and the granting of the divorce.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

The opinion states the case.

Mr. H. M. GALLAGHER and Mr. G. S. ELDREDGE, for the appellant.

Mr. E. S. HOLBROOK and Messrs. BLANCHARD & SILVER, for the appellee.

---

*See also, *The President and Trustees of the town of Mechanicsburg* v. *Meredith,* 54 Ill. 84, as to liability of incorporated towns for injuries occasioned by a neglect of duty in keeping bridges in repair. And see the case of *Town of Waltham* v. *Kemper, post,* p. 346, where a distinction is taken between corporations such as towns and cities created for their own benefit, and towns established by law as a civil division of a county, merely, in respect to their liability to a private action for damages occasioned by a neglect to keep their highways in repair.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action on the case, brought by the appellee against the city of Peru, in the LaSalle circuit court, to recover damages for alleged injuries sustained by the appellee in consequence of the omission on the part of the city to keep a certain street crossing in repair.

It is averred in the declaration, that the city negligently and carelessly permitted a certain street crossing, made of plank, on Bluff street, at its intersection with Rock street, to be and continue in a defective and dangerous condition ; that the plaintiff, on the first day of April, 1867, without any negligence or want of due care on her part, while passing along, stepped through a hole in said crossing, and thereby her leg was broken and her ankle greatly injured ; that she has since been a cripple, and will continue to be through life ; that she has suffered great pain in consequence of the injuries received, and that she has spent large sums of money in endeavoring to get cured.

A trial was had on a plea of not guilty, which resulted in a verdict in favor of the appellee, for $2000. The court overruled the motion entered for a new trial, and rendered judgment on the verdict, to reverse which the city now prosecutes this appeal.

The points relied on by the appellant to reverse this judgment, may all be considered on three errors assigned on the record, viz:

First. That the verdict is contrary to the law and the evidence.

Second. That the damages are excessive.

Third. That the court erred in refusing proper evidence offered in behalf of the city.

We will consider these points without reference to the order in which they are presented.

On the trial the counsel for the appellant asked the appellee, when she was on the witness stand, if she did not send a bill for damages to the city council of the city of Peru. The counsel

320      CITY OF PERU *v.* FRENCH.      [Sept. T.,

Opinion of the Court.

for the appellee objected to the question, but the witness answered, notwithstanding the objection, that she did not, but that she knew about it.

The court then ruled that if it was intended by the appellant to prove a mere proposition for a settlement or compromise, without showing an acceptance by the appellant, or any act or declaration in addition thereto, the objection was well taken. The counsel for appellant then stated in reply to the court, that they could not show a settlement or acceptance on the part of the city, or any such other act or declaration, and thereupon the objection was sustained. The appellant complains of this ruling of the court as manifest error.

No objection is perceived to the principle of law stated by the court. It is in strict accordance with the uniform rule on that question. A party has the undoubted right to make such offer as he chooses, for a settlement or compromise of his claim against his adversary, and ought not thereby to be prejudiced before the jury for so doing. An offer to so settle or compromise by no means indicates the real value the party may place on his own claim, for he may desire, and justly so, to " buy his peace," even at a great sacrifice. The fact that a party does so offer to compromise, instead of being to the discredit, it ought rather to be to the credit of the party so making such offer.

We have no means of knowing whether the appellant was injured, in this instance, by the ruling of the court, if we should admit that the ruling was erroneous, for the only question asked by the appellant on that subject was fully and promptly answered by the witness, and the counsel for the appellant do not state what further fact in that connection they desired to prove by the witness, so that it is not possible for us to determine whether the court, by its rulings, did in fact exclude evidence material to the issue.

The counsel for the appellant also complain that the court improperly refused to allow a paper to be read to the jury, as evidence, of which the following is a copy, viz:

" *To the Mayor and Common Council of the city of Peru :*

"The proposition that I have heretofore made, to accept of $100 in full for damages suffered by me through defective sidewalk or street crossing, is hereby withdrawn.

"AUGUSTA L. FRENCH,<br>By E. S. HOLBROOK, her Attorney.

It is apparent, that, at most, this was a mere proposition on the part of the appellee to take a certain sum by way of compromise, in full of her damages, by which she was in no way bound, if the city had not previously accepted it. But there is still a more substantial objection to the introduction of the paper as evidence. It does not even purport to be signed in the true name of the appellee, and there was no evidence, whatever, given, or offered to be given on the trial, to show that Mr. Holbrook had any authority from the appellee to send any such paper to the city council, for her, as her attorney, or otherwise. At least there is no such evidence preserved in the record. There was, therefore, no error in the court in excluding the paper from the consideration of the jury.

The error assigned, that the verdict is contrary to the law and the evidence, is the one on which the counsel for the appellant seem to rely with the most confidence.

The general rule is, that if there is evidence in the record that would justify the jury in finding the verdict they did, although the evidence may be conflicting, and to some extent unsatisfactory, still the verdict must be allowed to stand. It is not the province of this court to supervise the finding and judgment of a jury, unless, upon examination of the evidence in the record, we can see that their verdict was the result of passion and prejudice, or that it is manifestly against the weight of evidence.

On looking into the record we can see that there is evidence that would authorize the jury to find a verdict in favor of the appellee. There is evidence, if the jury relied on it, to show

that the crossing in the street where the appellee sustained the injury was very much out of repair, and in a dangerous condition, and there is also evidence that tends very strongly to show that the city officers knew the dangerous condition of the crossing before the accident happened, for the attention of several of them had been called to it, particularly that of the mayor, and ample time after notice had elapsed, in which the crossing could have been repaired, before the happening of the accident complained of.

We are asked by the counsel for the appellant to consider the question whether a municipal corporation can be held liable to a private action for the mere omission to keep its streets and cross walks in repair.

We deem it wholly unnecessary to review the many authorities to which our attention has been called, for the reason that this court has so repeatedly held, in numerous cases, that such corporations can be held liable in an action for injuries, where the city authorities know, or can know by an ordinary degree of diligence, that their streets and cross walks are out of repair, and in a dangerous condition, and when sufficient time after notice elapses in which to make the necessary repairs, before the happening of the injuries complained of, that it may now be considered as the settled law of this State. See the cases of *City of Bloomington* v. *Bay*, 42 Ill. 503; *City of Joliet* v. *Verley*, 35 Ill. 58, and numerous other cases in which this doctrine has been held.

It is insisted that the verdict in this case is excessive, and oppressive in its amount. It cannot be gainsaid that there is some conflict in the evidence as to the extent of the injury sustained by the appellee. There is evidence, and it was the province of the jury to say what weight should be given to it, from which they could find that the appellee suffered great pain during a long period, and even some permanent injury, that will endure through life. The testimony of the appellee is to that effect, and so is that of some of the medical witnesses.

The jury heard this testimony, and saw the witnesses, and it may be presumed that they were acquainted with them, and they are certainly the better judges of what weight ought to be given to their testimony. We must say that the verdict seems full high, but we cannot say, after a full and careful inspection of all the evidence in the record, that it is so excessive and oppressive in its amount, that the judgment ought to be reversed for that reason alone.

But another point is pressed with much earnestness on our attention.

It is in proof that the appellee was a married woman at the time she sustained the injuries complained of, but that she was divorced from her husband before this suit was instituted. It is now insisted that the appellee cannot recover in this action for the loss of her time or for money expended for medical aid during the period of her coverture. The proof shows that at the time of the accident to the appellee, her husband had abandoned her, and that she was supporting herself by her own industry. We have not been very careful to look into the books to see if a precedent could be found that would enable the appellee to recover for the loss of her labor and for money expended for medical aid, if under the same state of facts she would be entitled to recover, if a *feme sole*. For our law would be very defective in the remedies it provides, if it did not afford redress against a wrong doer, under such circumstances.

At the common law, the husband, is entitled to the earnings of his wife, and he alone could sue for the loss of her labor during coverture, and for medical aid furnished to her in case of a wrongful injury. The reason for the rule was, that the husband was bound to support her in sickness, as well as in health, and therefore he was entitled to her earnings. If however the husband abandons her, and fails to furnish to her necessary support, then the reason for the rule ought also to fail.

324     CITY OF PERU *v.* FRENCH.     [Sept. T.,

Opinion of the Court.

In the case of *Love et al.* v. *Moynehan,* 16 Ill. 277, it was held that where a husband compels his wife to live separate and apart from him, without fault on her part, and fails to make provision for her suitable support she may acquire property and control it, and sue and be sued, as a *feme sole,* during the continuance of such condition. The same rule was approved in the case of *Prescott* v. *Fisher,* 22 Ill. 390, and in *Burger et ux.* v. *Belsley et al.* 45 Ill. 72. In the latter case the court say " that the law has wisely afforded a remedy for every wrong, and is not restrained by its inflexible rules from adopting all such means as will protect the citizen in his personal security."

The evidence in this case shows that the appellee, herself, obtained a divorce from her husband, and it is not, therefore, unreasonable to presume that she was living separate and apart from him, without fault on her part. It would shock our sense of justice to hold that a married woman, when thus abandoned by her husband, without fault on her part, could not recover from the guilty party in an action for personal injuries wrongfully inflicted, for the loss of her time, and also for medical aid furnished to her, which, in many instances, might be absolutely necessary to the preservation of life itself.

We perceive no substantial error in the record. Let the judgment be affirmed.

*Judgment affirmed.*