# THE CITY OF CHICAGO

*v.*

# ELIZA JONES.

1. EXCESSIVE DAMAGES—*for personal injury through negligence.* Where the plaintiff, through the negligence of a municipal corporation in keeping its sidewalks in repair, stepped upon a broken board in the walk and fell, breaking her right arm at the wrist, from which she suffered great pain and was incapacitated from following her usual occupation of nurse and domestic servant for a period of nine or ten months, and the proof justified the conclusion that her arm would never be as strong as before the fracture: *Held,* that a judgment for $1000 damages was not excessive.

2. DAMAGES—*as against municipal corporation for mere neglect.* While a municipal corporation may not be liable for punitive or vindictive damages for mere neglect of duty, yet it has always been held that loss of time, expenses incurred in being cured, pain and suffering undergone, and permanent injury, are all proper elements to be considered by the jury in making up their verdict as to the damages which the plaintiff may recover in consequence of a wrongful injury.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. I. N. STILES, and Mr. JOHN LEWIS, for the appellant.

Messrs. E. & A. VAN BUREN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The single point made, upon which appellant relies for a reversal of the judgment in this case, is, that the damages are excessive.

The action was brought to recover for personal injuries sustained by appellee in consequence of a defective sidewalk in the city of Chicago. In passing along on State street, appellee stepped on a broken plank in the sidewalk, and fell and broke her right arm at the wrist, from the effects of which she suffered great pain and was incapacitated from following her usual occupation, which was that of a nurse and domestic servant, during a period of nine or ten months. There was evidence that shows that appellee has suffered some permanent injury; that her arm will never be as strong as before the fracture. Her own testimony is to that effect, and she is corroborated by the physician and surgeon who attended her.

The judgment is for $1000, and inasmuch as that is more than appellee could have actually earned at her usual occupation during the period she was disabled, and the amount expended in and about being cured, it is said that the damages are excessive.

The doctrine insisted upon by counsel is, that, in cases against municipal corporations, plaintiff should be allowed to recover only to the extent of actual pecuniary loss, and that nothing should be given for pain and suffering. The rule fixing the measure of damages in such cases has been settled by a uniform course of decisions in this State. While a municipal corporation may not be liable for punitive or vindictive damages for mere neglect of duty, it has always been held that loss of time, expenses incurred in being cured, pain and suffering undergone, and permanent injury, are all proper

elements to be considered by the jury in making up their verdict as to the damages which plaintiff will sustain in consequence of a wrongful injury. *City of Chicago* v. *Martin,* 49 Ill. 241, and cases cited.

In the case of *The City of Peru* v. *French,* 55 Ill. 317, a verdict for $2000 was allowed to stand for an injury not more serious in its character than the one sustained by appellee, on the ground that plaintiff in that case had suffered great pain and some permanent injury.

In view of the character of the injury sustained, that it may to some extent be permanent in its effects, we do not think the damages are excessive, and the judgment must be affirmed.

*Judgment affirmed.*