## CHARLES ANDERSON

*v.*

## ANNA C. JACOBSON.

1. PRACTICE—*trial with replication unanswered.* Where the plaintiff goes to trial without issue being taken upon his replication to a plea of set-off, this will not be such error as to justify a reversal. If he desired a formal traverse, he should have taken a rule on the defendant to rejoin.

2. EVIDENCE—*secondary evidence.* It is error to admit a copy of a lease in evidence where the loss or destruction of the original is not shown, or that it was in the possession of the adverse party.

3. PROMISSORY NOTE—*pleading and evidence.* In a suit upon a promissory note, it is-error to admit evidence tending to prove that the note was procured by fraud and circumvention, when such defense is not presented by plea. Such defense is not admissible under the general issue. The defense is statutory, and the provisions of the statute must be observed.

4. MARRIED WOMAN—*right to contract as sole trader.* Whether a married woman is a sole trader or not, is a question of fact. If her husband has, without cause, deserted her, she may acquire property, control it and her person, contract, sue and be sued, as a *feme sole.*

WRIT OF ERROR to the Circuit Court of Ford county; the Hon. A. J. GALLAGHER, Judge, presiding.

This was an action, by the plaintiff in error, against the defendant in error, upon a promissory note and upon an account. The defendant below pleaded the general issue, set-off, *non est factum* and coverture. There was a trial had, which resulted in a verdict and judgment in favor of the defendant below.

Messrs. CLOUD & SAMPLE, for the plaintiff in error.

Messrs. McILLROY & BRACKETT, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is urged that the court below erred in trying the cause whilst a replication of former recovery to defendant's plea of set-off remained unanswered. There are none of the pleadings given by plaintiff in error in his abstract, and the replication to which he refers is not given or in any manner specified. We find, however, by turning to the record, such a replication. But we do not regard this as such an error as requires a reversal. If plaintiff in error had desired a formal traverse of the replication, he should have taken a rule on defendant to rejoin. There is no doubt that he had the right to prove the averments of his replication as fully as if there had been a rejoinder.

It is next urged that the court below erred in admitting a copy of the lease in evidence, without a proper foundation being laid therefor. It is manifest that, until the loss or destruction of the original was shown, or that it was in the possession of plaintiff in error, a copy was not admissible. This is a rule of evidence that is elementary, and of daily and uniform application. For this error the judgment of the court below must be reversed.

It was also error to admit evidence tending to prove that the note was procured by fraud and circumvention. That defense must be set up by plea. It is not admissible under the general issue or other defense, but must be presented by plea.

The eleventh section of the chapter entitled "Negotiable Instruments," gives the right to make the defense by plea, and that is the only mode in which it can be done. The defense is statutory, and the provisions of the statute must be observed.

The question is argued that defendant in error was a sole trader. That is a question of fact, to be determined from the evidence in the case. If her husband had, without cause, deserted her, she may acquire property, control it and her person, contract, sue and be sued, as a *feme sole*. See *Love* v. *Moynehan*, 16 Ill. 277; *Prescott et ux.* v. *Fisher et al.* 22 Ill. 390.

The first of defendant's instructions contravenes the rule in these cases, and contradicts instructions given for plaintiff. A married woman may, as we have seen from the cases referred to, act as a sole trader or a *feme sole*, when, without her fault, her husband deserts her; whilst this instruction informs the jury that if she so acted she would not be liable, without reference to the circumstances under which she acted. The instruction should not have been given.

The fourth instruction was wrong, as there was no issue of fraud and circumvention in the case; and the same objection applies to her fifth instruction, and the same is true of the sixth.

For the errors indicated, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*