MARY C. TOWNSEND v. THE CITY OF PAOLA.

1. PERSONAL INJURIES—*Erroneous Instruction.* On the trial of an action
against a city of the second class for personal injuries caused by fall-
ing into a ditch dug by authority of the city, it is error to instruct
the jury that the injured party can only recover for damages result-
ing from the injury up to the time of the commencement of the action.

2. ———— *Measure of Damages.* In such an action the injured party
is entitled to recover all damages resulting from the injury, whether
present or prospective.

*Error from Miami District Court.*

ACTION to recover damages for personal injuries. The
opinion states the material facts.

*Jas. D. Snoddy,* and *W. H. Browne,* for plaintiff in error.
*Sperry Baker,* for defendant in error.

Opinion by SIMPSON, C.: Mary C. Townsend, the plaintiff
in error, filed her petition against the city of Paola, a city of
the second class, on the 10th day of February, 1886, in which
she demanded a judgment against said city in a large sum,
for damages on account of a personal injury she received by
falling in a ditch excavated for the purpose of laying water-

pipes along one of the streets of said city. She was injured on the night of the 31st day of January, 1886, about the hour of 9 o'clock P. M. Her injuries consisted of a "green-stick fracture" of the smaller ribs; an indentation in the shin-bone, as if the bone had struck against some blunt instrument; it was not broken, but there was a dent in it; there was a concussion at the base of the brain; and bruises on the elbow and shoulder. The most prominent injury was the concussion at the base of the brain; a jarring of the brain at its base, a disturbance of it causing a flow of blood there, and some inflammation.

At the time of the trial, October term, 1886, she had not recovered from the effects of either the fracture of the ribs, the injury done the bone, or the effects of the concussion of the brain. She was nervous, easily excited, had lost flesh, and her attending physician was uncertain as to whether she would ultimately recover from all the effects of the fall, or not. It might be that in the course of nine months or a year, if all conditions were favorable, that she would. The plaintiff in error at the time of the injury was forty-seven years old, weighed about one hundred and forty-five pounds, and was in good health. A ditch for water-pipes had been dug near to and parallel with the sidewalk along the west side of Pearl street, running north from Peoria. Mrs. Townsend, who lived on Pearl street, some blocks north of Peoria, started to go home that evening, and went on her usually traveled route. Loose boards had been placed across the water-pipe ditch, and when she struck those at the crossing, supposing it was the sidewalk, went along there for the distance that they extended north, and then stepped off into the ditch, falling heavily, and receiving the injuries complained of. She claims that there were no lights at that point, and none nearer than the northern corner of the block, she having fallen near the southern corner. The attending physician testified that he had visited her in the neighborhood of one hundred times, and that his services were reasonably worth about two hundred dollars. She was nursed for six or seven weeks, during which time she was unable to

do any work.    The jury returned a verdict in her favor for
$550.

There are numerous errors assigned, but on the argument
the cause for reversal was rested principally on the alleged
error in the instructions of the trial court establishing the
measure of damages.    The theory of counsel for the plain-
tiff in error is best presented by a comparison of instruction
No. 12, given by the trial court, and the refusal to give in-
struction No. 2 as requested by the plaintiff in error.    The
instruction given is as follows:

"If you find that the plaintiff is entitled to recover, the
measure of damages is compensation for the loss of time, for
the expenses, and for physical pain which had resulted from
the injury *up to the time of the commencement of this action;*
and if plaintiff is still disabled from such injury, such further
damages as appear from the evidence to be the natural and
probable result of such injuries."

Instruction No. 2, as requested by the plaintiff in error and
refused, was in these words:

"If you find the plaintiff is entitled to recover in this ac-
tion, the measure of the damages she is entitled to recover, if
any, is compensation for the time lost by her; expenses, in-
cluding physician's bill, cost of medicines, hire of nurses, and
such other expenses as are made necessary by the injury re-
ceived, *from the time of the injury to the present,* and such an
amount as you may find will compensate her for the physical
pain and suffering she has endured since the injury to the
present time.    And in addition to these, if you find that the
plaintiff is still suffering from the injury, and is likely to con-
tinue to suffer for a time, or to be permanently injured, or both,
then she would be entitled to recover such further sum as you
may determine will compensate her for the damages which
will naturally and probably result from the injury."

For an intelligent understanding of a proper application
of the instruction given, and the one refused, to the facts in
this case, it must be stated that the plaintiff in error offered
evidence tending to show that her eyesight was good before
the fall, but that her sight was somewhat impaired by the in-
juries she received; that she was in good health before the

38—41 KAS.

accident happened; that for about six years before she was injured she was dependent upon her own labor and exertions for support; that she kept boarders, and canvassed as an agent for the sale of various articles; that she also did embroidery and needle-work of various kinds; and that she is not now able to do any of this kind of work, or to do the ordinary house-work. The elements of damage in cases of this character are loss of time from business or employment; loss of capacity to perform the kind of labor done before the injury, or for which the person is fitted; the expenses incurred for medical services, purchase of medicine, the cost of nursing, etc.; and the physical pain suffered. (*Atchison v. King*, 9 Kas. 551.)

In estimating the amount of damages to be given for permanent injury, the elements to be considered are the former occupation of the plaintiff, and the amount of money received from it, in addition to physical suffering, and some other elements that particular cases may warrant. (*George v. Haverhill*, 110 Mass. 506; *New Jersey Ex. Co. v. Nichols*, 33 N. J. Law, 435; *McLaughlin v. Corry*, 77 Pa. St. 109; *Hall v. Fond du Lac*, 42 Wis. 274; *Morris v. Chicago &c. Rld. Co.*, 45 Iowa, 29; *Chicago v. Jones*, 66 Ill. 349.) These are the rules by which the damages are measured, whether the injuries inflicted were temporary or permanent in their character.

Under the instruction given by the court, the jury were told to estimate the damages from the time the injury occurred, on the 31st day of January, until the commencement of the action, on the 10th day of February, 1886. This covers only about ten days' time, and under such an instruction the jury were not allowed to take into account the condition of the plaintiff in error at the time of the trial in October of that same year, or at any time between the commencement of the action and the trial. This instruction was greatly to the prejudice of the plaintiff in error, and as we view the evidence, accounts for the smallness of the verdict. The Kentucky court of appeals, in the case of *Alexander v. Humber*, decided in January, 1888, and reported in 6 S. W. Rep. 453, commenting on this question, say:

"A new trial was asked, however, upon the ground that the

lower court improperly admitted testimony tending to show permanent injury to the appellee, and also error in refusing an instruction asked by the appellant. . . . The wrong complained of was not a continuing act, or of such a character that successive actions could be maintained for the results flowing from it. It was one act. The injured party had the right therefore to offer testimony as to, and to recover for, all injuries that were reasonably certain to result from the wrong. If limited to proving her pain, suffering, and injury to the time of bringing her action, and not allowed to show its continuance up to and existence at the time of trial, then it would follow that she would have but a partial remedy. Still more so would this be true if she were not allowed to show that permanent injury had resulted, or was reasonably certain to result from the wrongful act. . . . The wrong being from a single act, the nature and extent of it in all its consequences may be considered. The injured party need not delay suit until all the consequences have been developed. He may recover for past and future suffering and past and future deprivation of health, if they be the direct result of the injury."

In actions for personal injuries, the plaintiff recovers for permanent loss of earning-power, which includes both the pecuniary loss he has sustained, and that which he is likely to sustain during the remainder of his life. (*McLaughlin v. City of Corry*, 77 Pa. St. 109; *Barbour v. Horn*, 48 Ala. 566; *Malone v. Hawley*, 46 Cal. 409; *Fulsome v. Concord*, 46 Vt. 135; *Sheehan v. Edgar*, 58 N. Y. 631, and cases cited; *Chicago v. Jones*, 66 Ill. 349; *City of Chicago v. Elzeman*, 71 id. 131.)

The text-writers on the law of damages all say that the injured party is entitled to recover in one action, compensation for all damages resulting from the injury, whether present or prospective. (1 Sedgwick, 7th ed., p. 205, and authorities cited in foot-note; Field, § 614; 1 Sutherland, p. 196, and authorities cited in note.)

We are bound to presume that the jury followed the instructions, and assessed the damages only from the time the injury occurred until the commencement of the suit.

The instruction was erroneous, and because of it we recom-

mend that the judgment be reversed, and remanded with instructions to grant a new trial.

By the Court: It is so ordered.

All the Justices concurring.