ABRAM NICKERSON AND JAMES V. MATSON, JR.,

v. AMANDA NICKERSON.

(Case No. 2081.)

65   281
ʄ92   170

1. TORT—HUSBAND AND WIFE—RIGHT OF ACTION—A tort inflicted upon the wife by her husband and another, gives to the wife no right of action against the husband, and for such an injury, in so far as the husband is concerned, no compensation can be given to the wife, through a civil action. (Citing Cooley on Torts 223, 227 ; Peters v. Peters, 42 Iowa 182 ; Longendyke v. Longendyke, 44 Barb. 366.

2. SAME—CAUSE OF ACTION—DIVORCE—Whatever cause of action the wife has for a tort upon her by her husband and another, accrued when the acts of which she complains were committed ; and the fact that a divorce has subsequently been granted, cannot make that a cause of action which was not such at the time of the injury. (Citing Phillips v Barnett, 1, 2 Bishop on Div. 438, and Abbott v. Abbott, 67 Me. 304.)

3. SAME—MARRIED WOMAN—DISCOVERTURE—SUIT— The wife has capacity to be a recipient of wrong as well as of property, the same as though she were a *feme sole;* and, if she be slandered, or an assault and battery be committed upon her, or any trespass or other actionable wrong, by a person other than her husband, she may, after discoverture, prosecute, alone, a suit against the wrongdoer, whether commenced before or after the discoverture, the same as though she had been *sole* when she received the injury.

4. SAME—CAUSE OF ACTION—HUSBAND AND WIFE—DAMAGES—COMMUNITY PROPERTY— SEPARATE PROPERTY — A cause of action, the foundation of which is a tort inflicted upon the wife by the husband and another, is not a community right, but is a separate right of the wife ; and damages, if recovered in a suit by the wife on such a cause of action, would be her separate property.

CASE DISTINGUISHED AND APPROVED—The case of Ezell v. Dodson, 60 Tex. 334, distinguished from this case, and the doctrine announced therein, that damages to be recovered from a third person for a tort committed upon a wife by such person alone, would be community property, approved as a general proposition.

ERROR from Washington. Tried below before the Hon. J. B. McFarland.

This suit was brought by Amanda Nickerson, October 10, 1883, against Abram Nickerson and James V. Matson, Jr., for false imprisonment, laying her damages at $10,000. The plaintiff alleged, in her petition, that she and the defendant Abram Nickerson were, at the time, husband and wife, but had not been living together for several years, charging the fault of their separation to the husband. Plaintiff further alleged, that the defendants, desiring and conspiring together to get posession of her two sons, aged, respectively, nine and twelve years, whose services were of great value to her in supporting herself and family, for that purpose procured the issuance of a warrant or capias, about October 7, 1883, for the arrest of herself and her said children; and that she was, by virtue of said warrant, arrested and imprisoned twenty-four hours. She charged that the

warrant was issued illegally and without authority or jurisdiction. By an amendment filed September 9, 1884, the plaintiff alleged that at the institution of the suit she was, and still is, in destitute circumstances, and that, on September 8, 1884, she was, by the decree of that court, divorced from her husband Abram Nickerson.

The defendant Matson demurred to plaintiff's petition, by both general and special demurrer. The court overruled the demurrer, and Matson answered, denying that he had anything to do with having plaintiff arrested, etc. The defendant Nickerson filed no answer.

On September 11, 1884, the case was tried by a jury and resulted in a judgment for the plaintiff, for the sum of $200; from this judgment defendants prosecute this writ of error.

*Garrett, Searcy & Bryan*, for plaintiffs in error, that the wife cannot sue her husband for damages for a tort committed by him upon her during coverture, cited: Abbott *v.* Abbott, 67 Me. 304; Longendyke *v.* Longendyke, 44 Barb. 366; 1 Wait's Acts and Def. 342; Cooley on Torts, 227; Am. Law Rev., vol. 18, No. 6, p. 1043.

That damages recovered for a tort committed upon the wife during coverture, is community property, and that the court erred in permitting Mrs. Nickerson to maintain this suit without joining her husband as co-plaintiff, they cited: R. S., art. 2852; R. S., art. 1204; Ezell *v.* Dodson, 60 Tex. 331; Southworth *v.* Packard, 7 Mass. 95; Bullard *v.* Russell, 33 Me. 196; Shaddock *v.* Clifton, 22 Wis. 114.

*Sayles & Bassett*, for defendant in error, that the wife, when abandoned by her husband and in destitute circumstances, has power to manage and control the community property, and, if necessary, to enforce her rights by suit, cited: Kelley *v.* Whitmore, 41 Tex. 647, 648; Ezell *v.* Dodson, 60 Tex. 331; Blanchet *v.* Dugat, 5 Tex. 507; Wright *v.* Hays, 10 Tex. 130; Cheek *v.* Bellows, 17 Tex. 613; Fullerton *v.* Doyle, 18 Tex. 4; Walker *v.* Stringfellow, 30 Tex. 570; Forbes *v.* Moore, 32 Tex. 195; Jacobs *v.* Cunningham, 32 Tex. 774; McAfee *v.* Robertson, 41 Tex. 358; Ann Berta Lodge *v.* Leverton, 42 Tex. 18; Zimplemann *v.* Robb, 53 Tex. 274.

That the husband, having been a party to the wrong, was properly made a defendant to the suit, they cited: O'Brien *v.* Hilburn, 9 Tex. 297; Hartley *v.* Frosh, 6 Tex. 208; McKay *v.* Treadwell, 8 Tex. 176; Kelley *v.* Whitmore, 41 Tex. 647.

STAYTON, ASSOCIATE JUSTICE—It is unnecessary to inquire whether had the husband of Mrs. Nickerson not been a party to the wrongs, of

which she complains, the pleadings which preceded the trial amendment set up such facts as would ordinarily entitle a married woman to maintain an action without being joined by her husband, for the trial amendment, which was filed within one year after the injury was inflicted, alleged that she had been divorced from her husband.

The injury of which she complains, was inflicted upon her by her husband and his co-defendant, during coverture.

The husband could not have maintained an action against his co-defendant for a tort upon his wife, in the perpetration of which they were joint tort-feasors; for, out of his own wrong, no action could could accrue to him.

The tort inflicted upon the wife by the husband and another, gave no right of action to the wife against the husband, Cooley on Torts, 223, 227; Peters v. Peters, 42 Iowa, 182; Longendyke v. Longendyke, 44 Barb. 366.

For such injuries, in so far as the husband was concerned, no compensation could be given to the wife, through a civil action.

If the tort constituted a violation of the criminal law the husband was amenable thereto, and the wrong to the public might, through it, be punished.

Whatever cause of action the wife had, accrued when the acts of which she complains were committed; and the fact of divorce subsequently granted, can not make that a cause of action which was not so at the time the facts transpired, Phillips v. Barnett, 1, 2 Bishop on Div., 438; Abbott v. Abbott, 67 Me. 304.

As to Abram Nickerson, this action cannot be sustained, and the judgment, as to him, must be reversed and the cause dismissed.

It is urged that this action cannot be maintained against the defendant Matson.    This proposition is based on two other propositions:

1. That an action of this kind cannot be prosecuted by the wife alone, but only when joined by her husband.

This would be true where the unity of husband and wife is, as it is strictly held to be, at common law, so long as the marriage relation existed, but even under that system, after discoverture by death or divorce, a wife may prosecute, alone, an action for tort on her person; and, like other choses in action not reduced to possession during the coverture, the sum recovered would be her separate estate.

"The wife has capacity to be a recipient of wrong, as well as of property, the same as though she were *sole*.   If she is slandered, or an assault and battery is committed on her, or any trespass or other actionable wrong, she may, on becoming discovert, sue the wrongdoer the same as though she had been *sole* when she received the injury;

though, if the suit is brought in the life-time of the husband, he must be made a party plaintiff with her, in consequence of the general rule of law which places the wife under the protection of the husband." 1 Bishop's Law of Married Women, 705.

"There are circumstances in which, by the rules of the common law, the separation of the husband and wife confers on her the right to sue and be sued, and otherwise to act as a *feme sole*. If, therefore, a separation of this sort has taken place, it is plain, in legal reason, that the wife may recover in an action for a tort, suing alone, both those damages which could be recovered in the name of the husband and wife, and in the sole name of the husband, were they living together. *A fortiori*, if, before action brought, the husband dies or a divorce intervenes, the woman can recover the whole to her own use." 2 Bishop's Law of Married Women, 276.

Such a cause of action as is asserted in this case, would not survive to a husband, on the death of a wife; but, as the injury was personal to the wife, she could prosecute a suit after discoverture by death or divorce, whether brought before or after that event, unless her right to do so is defeated by the matter which is contained in the second proposition insisted on by the appellants.

2. It is insisted that the sum to be recovered from Matson would be community property, in which the husband and wife would have equal interest; hence, the action cannot be maintained by the wife alone, even after divorce.

In Ezell *v.* Dodson, 60 Tex. 334, it was held that damages to be recovered from a third person for a tort committed upon a wife, by such person alone, would be community property, and we have no doubt of the correctness of this general proposition.

But do the facts in this case bring it within this general rule?

All property in which married women have an interest, under the laws of this state, must be either their separate estate or one of community. The foundation for this last class of property is, that it, in fact or in legal presumption, is acquired by the joint effort of husband and wife. Can such property, in a chose in action, possibly exist if it be that the husband has such relation to it that he cannot, alone or even joined with the wife, enforce it in a court of justice? That which cannot be so enforced, cannot be classed as a right. The facts of this case preclude a recovery by the husband in any right or in any event.

His relation to the facts, out of which the cause of action in this case arises, is such that, but for his relation to the object of his act, effort or labor, a cause of action would exist against himself and

co-defendant, which could be enforced against his separate or community property. The cause of action sought to be enforced in this case cannot be a community right, for it springs from the joint tort of one, then a member of the community, and another. Its foundation is a tort, for which, but for the relation existing between the person injured and one of the tort-feasors, a cause of action would exist against both.

The case before us is one evidently not within the contemplation of the statute declaring what shall be separate and what shall be community property. The rule at common law, that no action can be maintained by a wife for a tort committed upon her person by her husband, has been often said to rest upon their entire unity; but it would seem to us to rest rather upon grounds of public policy. But, neither the reasons ordinarily given for the rule, nor others can exist where a person other than the husband has joined with him in the commission of a tort upon the person of the wife, so as to screen such third person from the liabilities which would exist as to him had he been the sole actor.

In what respect does the fact that the husband was a participant in the wrong affect the question? Is it as to her right? If so, this must rest upon the rule of the common law, by which the husband and wife are considered so absolutely one in the eye of the law that what he does, or permits to be done, or assists in doing, however great the injury may be to the person or reputation of the wife, is no legal injury, for which a civil action can be maintained by her. That the rules of the common law in relation to husband and wife, have not been adopted in their entirety, is manifested by many statutes and decisions in this state.

Is it because the modes of procedure will not permit the enforcement of such a right? We can conceive of no such obstacle. There is no defect of parties. The wife may now maintain actions as though she had never been married. The decree of divorce rendered her a *feme sole.*

The husband and wife were living separate when the injury was inflicted, and the cause of this separation was such as to justify the wife in withdrawing from his society. Under such facts, it may be true that she could have maintained this action, before divorce, against Matson; and that the facts which rendered the separation from her husband justifiable, would, as to her right to the sum to be recovered, place her in the same position in which she would have been had she been a *feme sole* at the time the injury was inflicted, had her husband not been a party to it. Burger *v.* Belsley, 45 Ill. 72;

Peru v. French, 55 Ill. 317; Love v. Moynehan, 16 Ill. 277. In the case last cited, many cases are referred to, showing the tendency of modern decisions. Starrett v. Wynn, 17 S. & R. 133, and cases cited in it are in the same direction. In the case of Burger v. Belsley, 45 Ill. 74, which was an action for assault and battery upon, and false imprisonment of, the wife, by a third person, which the husband sought to have dismissed. The cause was dismissed, and in disposing of the case the supreme court, it seems to us properly, said: "The law has wisely afforded a remedy for every wrong, and is not restrained by inflexible rules from adopting all such means as will protect the citizen in his personal security. Otherwise, when a woman is separated from her husband, she would become, as it were, an outlaw and unprotected from injuries to her person or property. This cannot be tolerated in a civilized country where laws exist and are enforced. After the husband and wife have separated, he, of all others, is usually the least inclined to vindicate the rights of the wife, and to protect her person or property from injury. In such a case there must be a remedy. * * * Nor does the law give him the right to impose terms or conditions in a case like the present, upon which his wife may seek redress, through the channels of the law, for injuries she may have suffered in her person or property. Nor can the court in the exercise of a discretion impose such terms."

As to the appellant, Abram Nickerson, the judgment will be reversed and the cause dismissed; but, as there could be no forced contribution as between him and his co-defendant, and as the judgment is several, it will be affirmed as to the defendant Matson.

REVERSED AND DISMISSED AS TO ABRAM NICKERSON, AND AFFIRMED AS TO JAMES V. MATSON, JR.

[Opinion delivered January 19, 1886.]