**Warren J. LATIOLAIS, Appellant,**

v.

**Mardell Newton LATIOLAIS, Appellee.**

No. 6498.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 6, 1962.

Rehearing Denied Oct. 3, 1962.

Harold Peterson, Beaumont, for appellant.

Keith, Mehaffy, McNicholas, & Weber, Beaumont, for appellee.

HIGHTOWER, Chief Justice.

This appeal presents the sole question, novel in Texas, of whether or not one spouse may recover damages of the other by reason of a premarital tort. The parties are designated as in the trial court.

On September 16, 1958, plaintiff, Warren J. Latiolais, was riding in a pickup truck owned by plaintiff's brother. The truck was being driven by plaintiff's fiancee, Mardell Newton, when it got out of control and overturned on a public highway near Henrietta, Texas. Subsequently, in 1959, the plaintiff and Mardell Newton were married. Thereafter, September 16, 1960, plaintiff sued his wife for personal injuries allegedly

growing out of her negligent operation of the truck at the time and place aforesaid. It may be of some interest to observe that plaintiff's petition alleged the existence of a liability insurance policy on said truck at the time of the accident. Furthermore, as requested in plaintiff's petition, the trial court appointed a guardian ad litem to protect the interests of defendant inasmuch as her interests "may or may not be adverse" to the interests of the liability insurance carrier.

The defendant, by and through her guardian ad litem, filed special exceptions to plaintiff's petition in its entirety, the substance of which being that as a matter of Texas law plaintiff was precluded recovery by reason of the marriage. Plaintiff has appealed as a result of the court having sustained said exception and dismissing the cause of action.

Plaintiff's counsel has, as has defendant's, presented this court with a most commendable brief in which he persuasively analyzes, construes and distinguishes many out of state decisions dealing directly with the question before us and many Texas cases which tend to approach it significantly. See good collation of such cases 43 A.L.R. 2d, 632. He urges that the common law of England has never been adopted in Texas as it relates to marital rights; that by reason of defendant's tortious conduct a cause of action arose and vested in plaintiff, a denial of which would deprive him of property rights without due process of law within the meaning of the 14th amendment to the Constitution of the United States.

 are inclined to the belief, although views are expressed to the contrary in some Texas cases, that the common law of England in regard to spousal disability was never adopted in this state with the intendment that it govern our courts in the determination of marital rights. Speer's Law of Marital Rights in Texas (3rd Ed. 1929) p. 90, et seq.; Barkley v. Dumke et al., 99 Tex. 150, 87 S.W. 1147, 1148.

[2] it is not an open question in this state that a wife cannot sue her husband for a tort committed during marriage against her person. Nickerson v. Nickerson, 65 Tex. 281. That the converse is true, see Wilson v. Brown, Tex. Civ.App., 154 S.W. 322.

[3] Nickerson case, supra, in keeping with the majority view in the United States, bases its holding upon grounds of public policy, and we adhere to the same reasoning in the present circumstances. As noted in 43 A.L.R.2d 632, the great majority of our jurisdictions deny suits between spouses for premarital torts or those committed during coverture. Decisions of the minority states allowing recovery in such circumstances are generally the result of constitutional or statutory enactments. Absent similar legislative directives interpretation of the law is the only function of this court. In this connection we have no hesitancy in adopting the holding and reasoning of the Minn.Sup.Ct. in Patenaude v. Patenaude, 195 Minn. 523, 263 N.W. 546, where the sole question was presented of whether a wife could, during coverture, bring an action against her husband for a tort committed against her person prior to her marriage to him. The court first stated:

"Quite generally, one of the reasons why a husband or wife cannot bring suit for a personal tort against the other, during coverture at least, is that so to do would disturb and tend to disrupt the marriage and family relations, which it is the public policy of the state to protect and maintain inviolable." 263 N.W. 546, 547.

The Minnesota Supreme Court then noted that the same reasoning was pertinent in suits between spouses for premarital torts and accordingly affirmed the trial court's judgment in dismissing the plaintiff's suit.

In connection with appellant's contention that a denial of his right of action would deprive him of property without due process, we hold in keeping with the deci-

sion of Amendola v. Amendola, 121 So.2d 805 (Fla.App.1960) where the same question arose, that the cause of action was not necessarily canceled or purged by the marriage, but the right of action i. e., the *right* to sue his wife in this cause is at least abated or suspended by the marriage. The husband is without capacity to sue his wife for personal injury because she is his wife. See, also, Gowin v. Gowin, 265 S.W. 529, (Tex.Civ.App.) affirmed Tex. Com.App., 292 S.W. 211.

The trial court was correct in dismissing plaintiff's cause of action.

Affirmed.