Marjorie RADER, Appellant,

v.

Daniel L. RADER et al., Appellees.

No. 16395.

Court of Civil Appeals of Texas.

Dallas.

April 17, 1964.

Rehearing Denied May 8, 1964.

Tobolowsky, Hartt, Schlinger & Blalock, Grover Hartt, Jr., Dallas, for appellant.

Wm. Andress, Jr., Dallas, for appellees.

WILLIAMS, Justice.

Marjorie Rader brought this suit in the Juvenile Court of Dallas County against her husband, Daniel L. Rader, seeking to require him to support her and their two minor children. In her second count contained in her petition, styled "Action for Alienation of Affections", appellant sought injunctive relief against appellee Shirley Rogers to prevent the alleged alienation of affection of Daniel L. Rader and also an injunction against Daniel L. Rader to prevent his further association with Shirley Rogers. The court sustained a motion to sever the cause of action for alienation of affection from the cause of action for support. The appeal involving support has been disposed of by us this date in Rader v. Rader, 378 S.W.2d 373.

In the action for alienation of affection both appellees filed a plea to the jurisdiction of the court, said pleas being sustained and the cause dismissed. From this order appellant brings this appeal contending, in two points of error, that (1) the court

erred in severing the causes of action, and (2) the court erred in dismissing her suit for alienation of affection.

 There is no merit to appellant's first point. Rule 41, Texas Rules of Civil Procedure provides that improperly joined causes of action may be severed and tried as separate suits. The court has a broad discretion in acting on motions to sever and such action will not be disturbed on appeal in the absence of abuse of such discretion. We find no abuse of discretion in this case. Pure Oil Co. v. Fowler, Tex.Civ. App., 302 S.W.2d 461; Reynolds v. Pierce, Tex.Civ.App., 320 S.W.2d 376, affirmed 160 Tex. 198, 329 S.W.2d 76.

Appellant's second point involving the jurisdiction of the Juvenile Court of Dallas County is also without merit and is overruled. The Juvenile Court of Dallas County is not a constitutional district court as provided in Art. 5, § 8 of the Constitution of Texas, Vernon's Ann.St. having general jurisdiction therein provided. It is a special court created by the 55th Legislature, Acts of 1957, Chapter 511, Page 1490, and being Art. 2338–9, Vernon's Ann. Civ.St. It is a court of limited jurisdiction, being confined to the powers delegated to it by § 3 of Art. 2338–9, V.A.C.S. The powers contained in this section relate generally to matters involving children and domestic relations problems. Appellant argues that the Juvenile Court has jurisdiction of her action for alienation of affection because the same falls within the category of a "justiciable controversy and difference between spouses." We cannot agree. Appellee Shirley Rogers is not a party to the marriage, and complaint against her in an action for alienation of affection clearly does not fall within the jurisdiction of the Juvenile Court as designated by the statute. As to her husband, appellant has no cause of action against him for alienation of his own affections. An action for alienation of affection is one founded in tort and a husband is not liable to his wife for a tort committed against her. 30 Tex.Jur.2d, §

143, Page 233; Wilson v. Brown, Tex.Civ. App., 154 S.W. 322; Nickerson v. Nickerson, 65 Tex. 281; Latiolais v. Latiolais, Tex.Civ.App., 361 S.W.2d 252; Nicholson v. Nicholson, Tex.Civ.App., 22 S.W.2d 514.

Appellant's relief must be sought in the district court. Such relief is not contained within the statute setting forth the jurisdiction of the Juvenile Court and such court has no power outside of or beyond those conferred by statute of its creation. Messner v. Giddings, 65 Tex. 301; Ex parte Hughes, 133 Tex. 505, 129 S.W.2d 270; Cunningham v. City of Corpus Christi, Tex.Civ.App., 260 S.W. 266.

The order of the Juvenile Court of Dallas County dismissing the cause of action is affirmed.

Affirmed.