Peggy Mitchell McGLOTHLIN, Appellant,

v.

General William C. McGLOTHLIN, Jr.,
Appellee.

No. 15033.

Court of Civil Appeals of Texas,
San Antonio.

Jan. 12, 1972.

Rehearing Denied Feb. 9, 1972.

Pat Maloney, San Antonio, for appellant.

Eugene B. Sisk, Sisk & Van Voorhis, Universal City, for appellee.

KLINGEMAN, Justice.

This is a suit for damages by the plaintiff, Peggy Mitchell McGlothlin against General William C. McGlothlin, Jr., the ex-husband of plaintiff, and his present wife, Jeanette Caviness McGlothlin, for alienation of affection, criminal conversation and loss of consortium. The trial court granted plaintiff's motion to sever her cause of action against Gen. McGlothlin from the cause of action against Jeanette Caviness McGlothlin. Thereafter, Gen. McGlothlin filed a motion for summary judgment, wherein he asserted that under the laws of this State no cause of action exists against him as a matter of law. This motion based upon the pleadings was granted by the trial court, and a take-nothing judgment entered on plaintiff's suit against her former husband.

Plaintiff presents two points of error: (1) the trial court erred in granting a summary judgment for Gen. McGlothlin, because the allegations of plaintiff's original petition state a cause of action against him for breach of the marital contract, and there are bona fide questions to be determined at a trial on the merits; and (2) the trial court erred in granting summary judgment for Gen. McGlothlin, because the allegations of plaintiff's original petition state a cause of action in tort against him for alienation of affections and criminal conversation, which present bona fide questions to be determined at a trial on the merits.

Plaintiff concedes that it is now the established law of this State that one spouse is not entitled to maintain a tort action against the other. Turner v. Turner, 385 S.W.2d 230 (Tex.1965); Nickerson and Matson v. Nickerson, 65 Tex. 281 (1886); Rader v. Rader, 378 S.W.2d 371, 373 (Tex.Civ.App. —Dallas 1964, writ ref'd n. r. e.);[1] Lati-

---

[1]. "As to her husband, appellant has no cause of action against him for alienation of his own affections. An action for alienation of affection is one founded in tort and a husband is not liable to his wife for a tort committed against her. 30 Tex.

olais v. Latiolais, 361 S.W.2d 252 (Tex.Civ. App.—Beaumont 1962, writ ref'd n. r. e.); Crawford v. De Long, 324 S.W.2d 25 (Tex. Civ.App.—Austin 1959, writ ref'd n. r. e.); 30 Tex.Jur.2d, Husband & Wife, Section 145, page 234. This rule was reaffirmed by the Supreme Court in Turner v. Turner, supra, wherein it was said:

"That the husband cannot sue his wife for damages resulting from the torts of his wife committed against him was settled by the case of Nickerson and Matson v. Nickerson, 65 Tex. 281, 1886. It is true that this was a case where the wife was seeking recovery against the husband for a tort committed by the husband and a third party against the wife. Nickerson and his wife had been divorced after the commission of the tort, but prior to the trial of the wife's suit. The court said:

'The tort inflicted upon the wife by the husband and another, gave no right of action to the wife against the husband.'

"Again:

'Whatever cause of action the wife had, accrued when the acts of which she complains were committed; and the fact of divorce subsequently granted, can not make that a cause of action which was not so at the time the facts transpired.'

"The Nickerson case has been followed by many cases, and an examination of Shepard's Texas Citations discloses that the rules of law laid down as quoted above have never been questioned. See also Gowin v. Gowin, Tex.Civ.App., 264 S.W. 529, 1924, affirmed Tex.Com.App., 292 S.W. 211, 1927; Latiolais v. Latiolais,

Jur.2d, § 143, Page 233; Wilson v. Brown, Tex.Civ.App., 154 S.W. 322; Nickerson v. Nickerson, 65 Tex. 281; Latiolais v. Latiolais, Tex.Civ.App., 361 S.W.2d 252; Nicholson v. Nicholson, Tex. Civ.App., 22 S.W.2d 514."

2. The fault of the respective parties may be considered by the trial court in the

361 S.W.2d 252, 253, Tex.Civ.App., 1962, writ ref., n. r. e.; 30 Tex.Jur.2d, p. 234, § 145." 385 S.W.2d at 232–233.

Nor has this State ever recognized a cause of action by one spouse against the other for criminal conversation or loss of consortium.[2] The case most directly in point is Gowin v. Gowin, 292 S.W. 211, 212 (Tex.Com.App.1927), in which the Court stated that the question involved was: "Does breach of the marital obligations by one spouse give rise to a justiciable right in the other of such nature as that the one may sue for, and recover, damages from the other as for breach of contract, in the absence of a divorce or prayer therefor?" The Commission of Appeals held that the wife had no cause of action against her husband for breach of marriage contract in the absence of divorce or prayer therefor. The Court, after stating that some states have adopted statutes expressly permitting recovery for torts committed by the husband, stated:

"Between the time of these comparatively recent enactments and the period of the Mosaic law we have found no evidence of a recovery of damages allowed to either the husband or the wife by way of compensation for breach of the marital obligations or ex delictual—at least in the absence of divorce proceedings. To us that absence, plus the fact that whereever [sic] recoveries have been permitted the courts were obeying commands of statutes, is not without meaning affirmatory of the views already expressed. If litigation of the kind now before us is to become successfully maintainable in Texas, that event must happen in response to future constitutional or statutory decree." 292 S.W. at 215.

property division of a divorce. Middlesworth v. Middlesworth, 380 S.W.2d 790 (Tex.Civ.App.—Fort Worth 1964, no writ); Hudson v. Hudson, 308 S.W.2d 140 (Tex.Civ.App.—Austin 1957, no writ); 20 Tex.Jur.2d, Divorce and Separation, Sec. 222.

This holding, although criticized,[3] has never been overruled by a Texas court, nor has the legislature seen fit to create such a cause of action. In fact, we have not been cited or found a case by any jurisdiction recognizing a cause of action by one spouse against the other for criminal conversation or loss of consortium.

Here a divorce has been granted between the parties and the property rights of said parties settled by such decree. Since such a cause of action did not exist during the marriage, we cannot say that one was created by the divorce.

The trial court properly granted Gen. McGlothlin's motion for summary judgment. Such judgment is affirmed.

CADENA, Justice (concurring).

I would affirm the judgment below solely on the ground that the "duty" allegedly breached by defendant springs from the existence of the marital relationship between plaintiff and defendant. I am not willing to join in an opinion which is based on the notion that the vow to love, honor and cherish has the effect of creating in the avower a privilege to inflict upon the other party to the marriage intentional or negligent injury which would create a cause of action if inflicted on a person to whom such solemn promises have not been made. There is no need, in this case, to voice unqualified approval of the unpersuasive reasoning found in Nickerson and Matson v. Nickerson, 65 Tex. 281 (1886), or to add to the number of cases which have mechanically followed the *Nickerson* holding.[1]

The courts must, of course, recognize that the parties to a marriage necessarily consent to a certain amount of even intentional

contact which, if inflicted upon a third person, would be actionable. I have full faith in the ability of our judiciary to fashion what may be loosely described as a doctrine of "assumed risk" applicable to husband-wife relations. But the fact that the nature of the marital relationship requires some limitations on the right of one spouse to sue the other does not justify adherence to a rule which bestows upon a spouse a blanket license to inflict injury upon the other spouse.

I find nothing in the *result* reached in Gowin v. Gowin, 292 S.W. 211 (Tex. Comm'n App.1927), which is inconsistent with the views here expressed.

---

3. Speer's Marital Rights in Texas, (4th Ed. 1961), Sec. 111; Guinn, 5 Tex.L.Rev. 411 (1927).

1. As pointed out in the majority opinion, the doctrine of interspousal immunity from liability for personal torts has been subjected to severe criticism, and recent decisions reflect a judicial willingness to reexamine the doctrine. See, generally, McCurdy, Torts between Persons in Domestic Relation, 43 Harvard L.Rev. 1030, 1041–56 (1930); Comment, 20 Baylor L. Rev. 27, 33–52 (1968). Cf., Felderhoff v. Felderhoff, Tex., 473 S.W.2d 928 (1971).