**Florence Marie DONSBACH, Appellant,**

v.

**Joe OFFIELD et al., Appellees.**

**No. 11965.**

Court of Civil Appeals of Texas, Austin.

Dec. 13, 1972.

Harold L. Coit, Austin, for appellant.

No brief filed for appellees.

PHILLIPS, Chief Justice.

Appellant, defendant below, is Florence Marie Donsbach, independent executrix of the estate of Bowen Smith, deceased. The appellees, plaintiffs below, are Joe Offield and Wanda Sue (Offield) Clayton, brother and sister.

In March of 1970, Bowen Smith and his wife, Olga Josephine (Offield) Smith were found shot to death in their home in Austin, Texas. Appellees, Joe Offield and Wanda Sue (Offield) Clayton were the children of Olga Josephine (Offield) Smith by a prior marriage and were her only surviving heirs at law. They brought suit, under Article 4671 et seq. Vernon's Civ.St., against the estate of Bowen Smith for damages, both compensatory and exemplary, for wrongful death on the theory that Bowen Smith murdered Olga Smith and then took his own life.

The trial court, sitting without a jury, rendered judgment awarding appellees, jointly five thousand dollars actual damages and five thousand dollars exemplary damages. Later, on proper motion, the trial court modified its judgment, awarding appellees, jointly, the sum of five thousand dollars as actual damages but denying any recovery for exemplary damages.

We reverse this judgment and herein render judgment that appellees take nothing by their suit.

The first question before us is whether these statutory beneficiaries have a cause of action. Under the prevailing law in this state, we hold that they do not.

■ This result is made necessary by Article 4672 V.C.S., in conjunction with the doctrine of interspousal tort immunity. Article 4672 denies the beneficiaries a death action unless the deceased himself would have had a cause of action to recover for his own personal injuries had he or she survived the damaging event. In this case Olga Josephine Smith, had she survived the murderous assault, would have been denied an action against Bowen Smith by the well established doctrine of interspousal tort immunity. Nickerson and Matson v. Nickerson, 65 Tex. 281 (1886). In the current posture of the law in this state, the victim's disability extends also to the beneficiaries, through Article 4672 V. C.S. and they also are foreclosed. Wilson v. Brown, 154 S.W. 322 (Tex.Civ.App. 1913, writ ref. n. r. e.); Childs v. Childs, 107 S.W.2d 703 (Tex.Civ.App.1937, no writ history). Whether such result is wise, or whether the Legislature intended that the death action be limited in this manner it is the law and we are bound by it.

■ The doctrine of interspousal tort immunity is well entrenched in our juris-

prudence, rightly or wrongly. This is true regardless whether the tort was negligent or intentional Nickerson and Matson v. Nickerson, *supra;* Turner v. Turner, 385 S.W.2d 230 (Tex.1965); Lunt v. Lunt, 121 S.W.2d 445 (Tex.Civ.App.1938, writ ref.); McGlothlin v. McGlothlin, 476 S.W.2d 333 (Tex.Civ.App.1972, writ ref. n. r. e.); Comment: Intra Family Immunity—The Doctrine and Its Present Status, 20 Baylor L.Rev. 27 (Winter 1968).

It should be noted, however, that while the majority of jurisdictions in this country have retained the doctrine of interspousal tort immunity generally, there is a growing minority which have either abrogated it altogether or have severely limited it. Particularly under facts such as are presented in this case, i. e., use of the immunity as a bar to a death action, has the doctrine been criticized. Furthermore, we think it not insignificant that the preponderance of the work of legal scholars seems to follow the minority view; Annotation: Action by One Spouse Against Another, 43 A.L.R.2d 632; Note: Abolition of the Interspousal Immunity in Community Property States, 17 Baylor L.Rev. 480; Prosser, Law of Torts, Section 122 (4th Ed. 1971). Under our present-day mores, the rationale for this rule (which had its genesis in the feudal common law rule of spousal identity) is becoming more and more suspect.

But regardless of our inclination on the foregoing, in our opinion these appellees would still be foreclosed, due to the rule that damages in a death action are to be measured by the actual pecuniary loss incurred by the claimants. Rader v. Galveston, H. & S. A. Ry. Co., 137 S.W. 718 (Tex.Civ.App.1911). Damages must be proved with certainty and cannot be left to conjecture, guess or speculation. 25A C.J. S. Damages § 162(2), p. 79; Thomas v. Basden and Carrel, 4 S.W.2d 336 (Tex.Civ. App.); South Texas Coaches v. Eastland, 101 S.W.2d 878 (Tex.Civ.App.).

At the time of their mother's demise, both appellees were adults. Olga Smith, whose employment had never been lucrative during her lifetime, was unemployed at the time of her death. In any event, appellees were awarded her entire estate and divided it between them. There is no evidence in the record that appellees would have received anything of value from her had she lived.

The judgment of the trial court is reversed and here rendered that appellees take nothing by their suit.

Reversed and rendered.