Michael D. BRUNO, Appellant,

v.

Wanda BRUNO, Appellee.

No. 6102.

Court of Civil Appeals of Texas,
Waco.

Oct. 18, 1979.

Rehearing Denied Nov. 15, 1979.

James E. Hope, Scott A. Sowell, Hope, Henderson, Hohman & Georges, San Antonio, for appellant.

Hobart Huson, Jr., Kelly O'Connor, Law Offices of Hobart Huson, Jr., San Antonio, for appellee.

HALL, Justice.

Appellant Michael D. Bruno and appellee Wanda Bruno are husband and wife. The proof shows they were married on October 3, 1947, and that they have had "a happy and harmonious marriage" since that date. On November 9, 1975, appellant sustained serious personal injuries when an automobile driven by appellee ran into him when he was standing in the garage of their home. At the time of the accident appellee was intending and attempting to relocate the vehicle in the driveway leading to the garage, but the vehicle suddenly accelerated and was propelled into the garage.

Appellant brought this suit against appellee for his damages. He alleged that she "accidentally and unintentionally ran over him due to certain negligence of hers" in several particulars including "accelerating the vehicle in the driveway in question to a high rate of speed," and that his injuries were the proximate result of her negligence. He pleaded for $150,000.00 damages. Appellee answered with a general denial.

After the parties' depositions were taken, appellee moved for summary judgment on the ground that appellant's claim for damages based upon her negligence was barred by the interspousal tort immunity doctrine. The motion was granted, and judgment was rendered that appellant take nothing. He appeals. We affirm the judgment.

In his single point of error, appellant asserts that the interspousal tort immunity doctrine "is no longer a viable concept in view of recent case law and legislative enactments which have abrogated any and all policies supporting said doctrine."

The doctrine of interspousal tort immunity was adopted in Texas in the case of *Nickerson* and *Matson v. Nickerson,* 65 Tex. 281 (1886). It was thereafter followed in suits based upon both intentional and negligent torts until the case of *Bounds v. Caudle,* (Tex.1978) 560 S.W.2d 925, which was an action based upon the intentional shooting of the wife by her husband. In *Bounds,* after discussing the common law origin and basis of the interspousal tort immunity doctrine and recent legislative changes in the laws defining the marital relationship, and determining that those changes "invalidate the common law rationale for the doctrine, the fictional unity of the marriage relationship," the court stated:

"Nevertheless, we must determine if the doctrine should be maintained as a matter of public policy. We recognize

fully the importance of the family unit in our society and that peace and tranquility in the home are endowed and inspired by higher authority than statutory enactments and court decisions. See *Felderhoff v. Felderhoff*, 473 S.W.2d 928, 933 (Tex.1971). However, we do not believe that suits for wilful or intentional torts would disrupt domestic tranquility. The peace and harmony of a home which has already been strained to the point where an intentional physical attack could take place will not be further impaired by allowing a suit to be brought to recover damages for the attack."

Then, after noticing that in recent years the doctrine has come under severe attack in most jurisdictions considering it, and that it has also been subjected to harsh criticism by most legal writers, the court concluded its discussion of the rule by saying:

"Although most authorities recognize a distinction between a claim based on a negligent act and one based on an intentional tort, all agree that there is no sound basis for barring a suit for an intentional tort. We concur and accordingly we abolish the rule established in *Nickerson* [and *Matson v. Nickerson*, 65 Tex. 281], to the extent that it would bar all claims for wilful or intentional torts."

In our case, appellant's allegations that his injuries were caused by appellee's negligent operation of the automobile, and not intentionally by her, are conclusively established by the summary judgment proof. The evidence also indicates that appellant and appellee are the insureds in a $100,-000.00 liability insurance policy.

Appellant recognizes that under the cases discussed above the doctrine of interspousal tort immunity is still applicable in negligence actions. His brief is devoted to a forceful argument for abolishing the rule or at least modifying it in negligence cases under facts like those before us. However, any changes in the application of the rule must be made by our Supreme Court. It is our duty to follow the decisions of that Court. *Swilley v. McCain*, (Tex. 1964) 374 S.W.2d 871, 875.

The judgment is affirmed.