**Margaret CLUCK, Appellant,**

v.

**Elwood CLUCK, Appellee.**

**No. 13–86–073–CV.**

Court of Appeals of Texas, Corpus Christi.

June 5, 1986.

Rehearing Denied June 26, 1986.

See also 699 S.W.2d 246.

Thomas Rocha, Jr., San Antonio, for appellant.

Elwood Cluck, pro se.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

OPINION

UTTER, Justice.

This is an appeal from the granting of a motion for summary judgment. Appellant and appellee were divorced on May 6, 1981. Prior to the granting of the divorce decree, appellant filed suit against appellee and appellee's paramour. Appellant's suit against appellee's paramour was severed from this suit and later a dismissal order was entered. Appellee then urged his motion for summary judgment which the trial court granted. We affirm the judgment of the trial court.

In summary judgment proceedings, the burden is on the movant to prove that there is no genuine issue of material fact and that he is entitled to summary judgment as a matter of law on the grounds set forth in his motion. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

Appellant's petition alleged the loss of services, affections and consortium of appellee and described various acts of misconduct and indiscretions between appellee and his paramour.

By her first point of error, appellant contends that the trial court erred in granting the summary judgment. She argues that in addition to alleging alienation of affections and loss of consortium, she also alleged that she "sued because Elwood [appellee] had brought shame, disgrace, and extreme mental anguish upon her ... and because of the humiliation, disgrace, and mental suffering Elwood had visited upon her." What appellant has alleged here are merely *types of damages*, not distinct causes of actions in themselves. *See generally Farmers and Merchants State Bank v. Ferguson*, 617 S.W.2d 918, 921 (Tex.1981); *Earthman's, Inc. v. Earthman*, 526 S.W.2d 192, 208 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ).

Although not specifically addressed by appellant, we feel it necessary to discuss the summary judgment as to loss of consortium under appellant's first point of error. Although often referred to as a "cause of action," loss of consortium is actually an element of damages rather than a cause of action. *Whittlesey v. Miller*, 572 S.W.2d 665, 666 n. 1 (Tex.1978). "The loss of consortium can arise from either the intentional or negligent conduct of a third party toward the marital relationship." *Id.* at 666; *see also Missouri Pacific Railroad Co. v. Dawson*, 662 S.W.2d 740 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). Since loss of consortium is not a cause of action in itself, any recovery of damages based upon a loss of consortium necessarily depends upon pleading and proofing a distinct tort. The only tort pled by appellant is that of alienation of affections. *See Turner v. Turner*, 385 S.W.2d 230 (Tex.1964); *Smith v. Smith*, 225 S.W.2d 1001 (Tex.Civ.App.—Amarillo 1949, no writ).

By her second point, appellant contends that "[t]here is no constitutional or statutory language prohibiting Margaret (appellant) from bringing a suit for alienation of affection against Elwood (appellee)." The Texas cases which have dealt with suits by former wives against former husbands for alienation of affections have held that the former wives had no cause of action against their former husbands for the alienation of their (the husband's) own affections, basing their decisions upon the doctrine of interspousal immunity.[1]

In *Bounds v. Caudle*, 560 S.W.2d 925 (Tex.1977), the Supreme Court of Texas abolished the doctrine of interspousal immunity as to willful or intentional torts inflicted by one spouse upon the other. Although appellant argues that the *Bounds* decision has cleared the way for alienation of affections suits by one spouse against the other, we are not so persuaded.

Appellant has overlooked a basic premise regarding alienation of affections suits. The cause of action "must be grounded upon the intentional wrong-doing of a *stranger* to the marriage relationship rather than the wickedness of a recreant spouse." *McQuarters v. Ducote*, 234 S.W.2d 433, 435 (Tex.Civ.App.—San Antonio 1950, writ ref'd n.r.e.) [emphasis ours]. *See also Whitley v. Whitley*, 436 S.W.2d 607 (Tex.Civ.App.—Houston 1968, no writ); *Smith v. Smith*, 225 S.W.2d at 1105–6.

Black's Law Dictionary, 66 (5th ed. 1979), defines alienation of affections as "a tort based upon willful and malicious interference with [the] marriage relation by [a] *third party.*" [emphasis ours]. "One who purposefully alienates one spouse's affections from the other spouse is subject to liability for the harm thus caused to any of the other spouse's legally protected marital interests." Restatement (Second) of Torts § 683 (1977). Although a suit for alienation of affections is a tort action, *Turner v. Turner*, 385 S.W.2d at 232, a spouse or exspouse is simply not a proper defendant. Appellant's first and second points of error are overruled.

By her third point of error, appellant urges that "[i]f there is a judicial pro-

1. *See Turner v. Turner*, 385 S.W.2d 230 (Tex. 1964); *McGlothlin v. McGlothlin*, 476 S.W.2d 333 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.); *Rader v. Rader*, 378 S.W.2d 371 (Tex.Civ. App.—Dallas 1964, writ ref'd n.r.e.).

hibition against alienation of affection suits between spouses or former spouses, it should be overruled just as interspousal tort immunity for physical injury has been abolished."[2] Appellant overlooks Section 3.63 of the Texas Family Code which provides that:

> (a) In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.

TEX.FAM.CODE ANN. § 3.63(a) (Vernon Supp.1986).

The same type of damages which appellant seeks in this action can properly be taken into consideration by the trial court in dividing the community property at the time of the divorce. In *Murff v. Murff,* 615 S.W.2d 696 (Tex.1981), the Texas Supreme Court not only ratified its previous holding in *Young v. Young,* 609 S.W.2d 758 (Tex. 1980), that the trial court may consider fault of one party causing the breakup of the marriage, but further stated:

> These cases further indicate that the trial court may consider such factors as the spouses' capacities and abilities, benefits which the party not at fault would have derived from continuation of the marriage, business opportunities, education, relative physical conditions, relative financial condition and obligations, disparity of ages, size of separate estates, and the nature of the property. We believe that the consideration of such factors by the trial court is proper in making a 'just and right' division of the property.

*Murff v. Murff,* 615 S.W.2d at 699.

It further appears that in the original divorce proceedings between these same parties, the trial court took the matter of fault into consideration in the division of the community property. *Cluck v. Cluck,* 647 S.W.2d 338 (Tex.App.—San Antonio 1982, writ dism'd). Point of error number three is overruled.

**2.** This is a misstatement of the law. Interspousal immunity has been abolished regarding *willful and intentional torts,* not merely "physical injury." *See Bounds v. Caudle,* 560 S.W.2d 925 (Tex.1977).

The judgment of the trial court is AFFIRMED.