**Kimberly Parmenter PRICE, Appellant,**

v.

**Duane PRICE, Appellee.**

**No. 04–85–00579–CV.**

Court of Appeals of Texas, San Antonio.

Sept. 17, 1986.

Rehearing Denied Oct. 14, 1986.

Marvin B. Zimmerman, San Antonio, for appellant.

Timothy Patton, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CANTU, JJ.

## OPINION

CADENA, Chief Justice.

Plaintiff, Kimberly Parmenter Price, appeals from a summary judgment denying her recovery from her husband, Duane Price, for personal injuries suffered by her prior to her marriage to defendant as a result of defendant's negligence. We reluctantly affirm.

Generally, the doctrine of interspousal immunity bars recovery for personal injuries suffered by one spouse as the result of the negligence of the other spouse. *Bounds v. Caudle,* 560 S.W.2d 925 (Texas 1977); *Nickerson & Matson v. Nickerson,* 65 Tex. 281 (1886). While our Supreme Court in *Bounds* held the doctrine inapplicable in cases of intentional tort, it is clear that it adopted, as did the *Nickerson* court, the theory that the immunity doctrine was based on a public policy aimed at the preservation of marital peace and harmony. 560 S.W.2d at 927. Although neither courts nor commentators have satisfactorily explained how denying relief to the injured spouse will promote harmony, we are constrained to follow the unambiguous, if indefensible, precedent set by *Nickerson* and *Bounds.*

The judgment of the trial court is affirmed.

BUTTS, Justice, dissenting opinion.

I respectfully dissent.

This is an appeal from a summary judgment. Plaintiff Kimberly Parmenter Price sued the driver of a truck, together with his employer, Pool Well Servicing Co., and Duane Price, the driver of the motorcycle on which she was a passenger. Kimberly suffered injuries in a collision between the truck and the motorcycle. She alleged negligent acts of each driver caused her injuries. The claim against the driver and the company ended with an agreed judgment, and the claim against Duane Price was severed. Defendant Duane moved for summary judgment based upon the doctrine of interspousal immunity. The trial court granted the motion.

The summary judgment evidence reflects that on July 17, 1983, the date of the collision, Kimberly and Duane were "living together" but not married. On December 24, 1983, the couple married. It is without question that the cause of action accrued six months before the marriage.

The doctrine of interspousal tort immunity is a common law concept derived from the legal fiction that the husband and wife become one person in law. Married women could not sue or be sued without joinder of their husbands. The wife's personal and property rights as well as her legal existence were considered suspended during the marriage (coverture). The husband acquired all his wife's choses in action and could assert them in his own name. He became liable for the torts of his wife.

This concept necessarily made it impossible for one spouse to maintain an action against the other. *Bounds v. Caudle*, 560 S.W.2d 925, 926 (Tex.1977); *see*, Comment, *Intrafamily Immunity*, 20 BAYLOR L.REV. 27 (1967).

TEX.REV.CIV.STAT.ANN. art. 1 (Vernon 1969) provided that the common law of England when not inconsistent with the Texas laws and Constitution would be the rule of decision. Amended in 1985, the law remains virtually the same in TEX.CODES ANN., Civil Practice & Remedies § 5.001 (Vernon 1986), except that the term "those portions of the common law of England" is used. It is noteworthy that Texas is a community property state with recognition of the Spanish law also. Under Spanish law the marriage was a species of partnership in which each might own and control a separate estate as well as a common interest in a community estate. SPEER, LAW OF MARITAL RIGHTS IN TEXAS, §§ 90, 91, 92 (4th ed. 1961). As Speer noted, this system is opposed to the common law principle that marriage completed a merger of the women's individuality into that of her husband's with consequential inability to own or control separate property. It was Speer's theory that the framers of the Texas Constitution never intended that our marital laws take the common law turn as pronounced in the nineteenth century.

Statutory law defining the marital relationship in Texas has undergone major revisions since 1967. TEX.REV.CIV.STAT. ANN. art. 4615 was replaced by TEX.FAM. CODE ANN. § 5.01(a)(3) (Vernon 1975). It provides that a wife's recovery for personal injuries other than for loss of earning capacity is part of her separate estate. *Id.; See* §§ 4.03, 4.04. The wife has the sole management, control and disposition of her separate estate. *Id.* at § 5.21. TEX. CONST. art. I, § 3a. adopted in 1972, provides for sexual "equality under the law." These changes invalidate the common law rationale for the fictional unity of the husband and wife as one legal entity. *See Bounds v. Caudle, supra* at 927.

The primary reason employed by courts for not permitting interspousal suits is public policy (to prevent marital disharmony). *Nickerson & Matson v. Nickerson*, 65 Tex. 281 (1886) was the leading Texas case in this now changing area of law. Although the court deferred to the common law tradition of "one unity" in law, the case really rested upon public policy grounds. *Nickerson* set the standard for Texas courts and gave us the judicial doctrine of interspousal tort immunity, the rule which denied one spouse a right of action against the other spouse. In *Sykes v. Speer*, 112 S.W. 422 (Tex.Civ.App.—1908), *rev'd on other grounds*, 102 Tex. 451, 119 S.W. 86 (1909), the court wrote that a judgment awarding the wife damages for personal injuries was void on its face since it showed that the injuries complained of were committed during the marital relationship. *Accord, Gowin v. Gowin*, 292 S.W. 211 (Tex.Comm'n App.1927). It was stated in *Latiolais v. Latiolais*, 361 S.W.2d 252 (Tex.Civ.App.—Beaumont 1962, writ ref'd n.r.e.) that:

> Quite generally, one of the reasons why a husband or wife cannot bring suit for a personal tort against the other, during coverture at least, is that to do so would disturb and tend to disrupt the marriage and family relations, which it is the public policy of the state to protect and maintain inviolable.

*Id.* at 253. *But see, Turner v. Turner*, 385 S.W.2d 230, 233 (Tex.1965) (Rule still applied where cause of action accrued during marriage but suit filed after divorce.)

The Supreme Court in *Bounds v. Caudle, supra*, partially overruled *Nickerson*, thereby allowing for the first time in Texas an action in tort for personal injury committed upon one spouse by the other during the marriage. The limitation placed on this kind of action was that the tort must be one of *intentional* personal injury, the rationale being that the peace and tranquility of the home had already been disrupted. Acknowledging that the interspousal tort immunity doctrine has been severely criticized in recent years and that many other states no longer recognize its viability, the court abolished the rule to the extent that

it would bar all claims for willful or intentional torts. *Id.* at 927. The decision left Texas with one-half of the original rule. Now a spousal claim based on a *negligent* act of the other spouse during marriage would still be barred.

Reversing the decision of the court of civil appeals, *Robertson v. McKnight,* 591 S.W.2d 639 (Tex.Civ.App.—Tyler 1979), in *Robertson v. McKnight,* 609 S.W.2d 534 (Tex.1981), the Supreme Court wrote:

> The court of civil appeals reasoned that the Texas law of interspousal tort immunity had to be applied because the New Mexico law violated Texas policy. Although the policies of Texas and New Mexico differ as to interspousal immunity, that does not mean that the New Mexico rule is so contrary to our public policy that our courts will refuse to enforce it. We have stated that we will only refuse to enforce a foreign law which violates good morals, natural justice, or it prejudicial to the general interests of our own citizens. (citations omitted)
>
> While Texas does not permit spouses to recover from each other for negligently inflicted injuries, *a rule which does permit such a suit does not violate good morals or natural justice. We note that a large number of states do permit such suits.* (Emphasis added)

*Id.* at 537. The court noted that the rule was not created to punish persons for being Texas domiciliaries, but to protect domestic tranquility and conform with the marital property laws of our state. *Robertson* suggested two strong points: Even though Texas clings to the immunity doctrine in spousal negligence suits, the Supreme Court looks with favor at the abolishment of the rule in other states. Further the rule was fashioned only to supplement what the Texas courts envisioned the marital property laws to be in 1886.

At least 29 states have now abrogated the interspousal tort immunity doctrine, and several others have curtailed its application.[1] A comprehensive 1980 list is also

contained in *Renfrow v. Gojohn,* 600 S.W.2d 77, 80–82 (Mo.App.1980). A recent abolishioner was Ohio. *See Shearer v. Shearer,* 18 Ohio St.3d 94, 480 N.E.2d 388, 393 (1985). Ohio had earlier partially limited the application of the doctrine by permitting spousal suits for intentional injuries; Ohio spouses likewise could sue their mates for property damages, in contract, and for criminal injuries. Texas at the present time permits all these other spousal actions. In abrogating the doctrine, the Ohio court stated:

> [T]he preservation of marital harmony is better served by allowing the negligent spouse, who in this day and age has more likely than not purchased liability insurance to compensate those whom he injures, to provide for his injured spouse, than by denying compensation for the spouse's suffering because of fear for the harmony of the marital unit.

*Id.* 480 N.E.2d at 393.

The plaintiff-wife in this case contends on appeal the doctrine was wrongfully applied to deny her redress for her alleged injuries. It is suggested that the logic in *Whitworth v. Bynum,* 699 S.W.2d 194, 197 (Tex.1985) be applied in this case. In *Whitworth,* the Supreme court declared the Texas Automobile Guest Statute, TEX.REV. CIV.STAT.ANN. art. 6701b (Vernon 1977) unconstitutional under the rational relationship test, that is, that the classifications drawn by the statute are not "rationally related to a legitimate state interest." However, in the present case the law is a judicially created one.

While we may agree with this statement by the Pennsylvania Supreme Court in *Hack v. Hack,* 495 Pa. 300, 433 A.2d 859, 860–61 (1981), "A tortfeasor's immunity from liability because of his marital relationship with the injured party cannot be sustained on the basis of law, logic or public policy," this court will refrain from ruling on the whole doctrine of interspousal tort immunity as it applies in Texas to negligent acts of a spouse when the cause

---

**1.** We are indebted to appellant for the attached    Appendix A and Appendix B.

of action accrues *during the marriage relationship*. Rather we address the limited question of the application of the doctrine only to the negligent acts of a spouse occurring *before marriage*.

The alleged injuries to the wife occurred six months before her marriage to one of the tortfeasors. When the couple merely "lived together" there was no bar to the woman bringin suit for tortiously inflicted injuries against her "boyfriend." Why should this right to sue disappear after marriage? Her separate property rights were vested in her before the marriage.

The present provisions of the Family Code, and Texas Constitution and the partial abrogation of the immunity doctrine in *Bounds v. Caudle*, lead to the conclusion that marriage should not require the wife to give up any pre-existing tort claim against her husband. To hold otherwise defies logic, for this would mean that public policy encourages the status of "living together" rather than that of marriage and family life. To hold otherwise penalizes the injured party by exacting a forbearance to bring suit and to seek redress for a negligent injury.

I therefore would hold that the doctrine of interspousal tort immunity does not apply as a bar to a suit where the cause of action based on negligent acts of the other spouse arises before the marriage.

For these reasons I dissent.

## APPENDIX A

### JURISDICTIONS RECOGNIZING INTERSPOUSAL IMMUNITY DURING MARRIAGE BUT HOLDING IT DOES NOT APPLY TO PREMARITAL TORTS

| | | SEPARATE PROPERTY RIGHTS ALLOWED | WILL NOT DISRUPT MARITAL HARMONY | | CURRENT STATUS OF IMMUNITY FOR ACTS DURING MARRIAGE | |
|---|---|---|---|---|---|---|
| CAL | 1959 | X | | Foote v. Foote, 339 P.2d 188 | Fully abrogated | 1962 |
| DEL | 1976 | X | | Chen v. Liao, 420 F.Supp. 472 | Sustained | |
| KAN | 1964 | X | | O'Grady v. Potts, 396 P.2d 285 | Intentional tort claims allowed | 1982 |
| ME | 1973 | X | X | Moulton v. Moulton, 309 A.2d 224 | Fully abrogated | 1980 |
| MICH | 1965 | | X | Mosier v. Carney, 138 N.W.2d 343 | Fully abrogated | 1971 |
| MO | 1955 | X | X | Hamilton v. Fulkerson, 285 S.W.2d 642 | Sustained | |
| NEV | 1973 | X | | Pearce v. Boberg, 510 P.2d 1358 | Vehicle tort claims allowed | 1974 |
| N.C. | 1931 | | [1] | Shirley v. Ayers, 158 S.E. 840 | Fully abrogated Reaffirmed | 1920 1976 |
| PA. | 1981 | X | | Hack v. Hack, 433 A.2d 859 | Fully abrogated | 1981 [2] |
| TENN. | 1978 | X | | Childress v. Childress, 569 S.W.2d 816 | Fully abrogated | 1983 |
| VT. | 1969 | X | | Juaire v. Juaire, 259 A.2d 786 | Vehicle tort claims allowed | 1973 |

| 1 | Statutory changes affecting married women's rights and tortfeasor's liability not changed by subsequent marriage to victim |
|---|---|
| 2 | Court also fully abrogated immunity in same case and discounted theories of "unity," family harmony, prevention of collusion and avoidance of trivial claims. |

In addition, Maryland abrogated interspousal immunity as to motor vehicle accidents in a 198 case involving a premarital car wreck after carefully analyzing the views of every other jurisdiction in the United States. *See Boblitz v. Boblitz,* 462 A.2d 506 (Md.1983).

## APPENDIX B

### JURISDICTIONS AND DECISIONS ON INTERSPOUSAL IMMUNITY

| Alabama | 1931 | Penton v. Penton | 135 So. 481 | Rule fully abrogated |
|---|---|---|---|---|
| Alaska | 1963 | Cramer v. Cramer | 379 P.2d 95 | Rule fully abrogated |
| Arizona | 1982 | Fernandez v. Romo | 646 P.2d 878 | Rule abrogated for vehicular torts |
| Arkansas | 1957 | Leach v. Leach | 300 S.W.2d 15 | Rule fully abrogated |
| California | 1962 | Klein v. Klein | 376 P.2d 70 | Rule fully abrogated |
| Colorado | 1935 | Rains v. Rains | 46 P.2d 740 | Rule fully abrogated |
| Connecticut | 1914 | Brown v. Brown | 89 A. 889 | Rule fully abrogated |
| Delaware | 1968 | Short Line, Inc. v. Perez | 238 A.2d 341 | Rule acknowledged and sustained |
| District of Columbia | 1910 | Thompson v. Thompson | 218 U.S. 611 | Rule acknowledged and sustained |
| Florida | 1979 | Raisen v. Raisen | 379 So.2d 352 | Rule acknowledged and sustained |
| Georgia | 1936 | Eddleman v. Eddleman | 189 S.E. 833 | Rule acknowledged and sustained |
| Hawaii | 1958 | Tugaeff v. Tugaeff | 42 Hawaii 455 | Rule acknowledged and sustained |
| Idaho | 1949 | Lorang v. Hays | 209 P.2d 733 | Rule abrogated as to intentional torts |
| Idaho | 1975 | Rogers v. Yellowstone Park Co. | 539 P.2d 566 | Rule abrogated as to vehicular torts |
| Illinois | 1960 | Heckendorn v. First Nat'l Bank | 166 N.E.2d 571 | Rule of immunity imposed by statute |
| Indiana | 1972 | Brooks v. Robinson | 284 N.E.2d 794 | Rule fully abrogated |
| Iowa | 1979 | Shook v. Crabb | 281 N.W.2d 616 | Rule abrogated for all personal injury actions |
| Kansas | 1982 | Stevens v. Stevens | 647 P.2d 1346 | Rule abrogated as to intentional torts |
| Kentucky | 1953 | Brown v. Gosser | 262 S.W.2d 480 | Rule fully abrogated |
| Louisiana | 1965 | Smith v. Southern Farm Bureau | 174 So.2d 122 | Because of the competing effect of two statutes, (Article 2315 and LSA–RS 9:291) has a cause of action but no remedy to enforce it |
| Maine | 1980 | MacDonald v. MacDonald | 412 A.2d 71 | Rule fully abrogated |
| Maryland | 1983 | Boblitz v. Boblitz | 462 A.2d 506 | Rule abrogated as to vehicular torts |
| Massachusetts | 1976 | Lewis v. Lewis | 351 N.E.2d 526 | Rule abrogated as to vehicular torts |

| State | Year | Case | Citation | Status |
|---|---|---|---|---|
| Michigan | 1971 | Hosko v. Hosko | 187 N.W.2d 236 | Rule fully abrogated |
| Minnesota | 1969 | Beaudette v. Frana | 173 N.W.2d 416 | Rule fully abrogated prospectively |
| Mississippi | 1924 | Austin v. Austin | 100 So. 591 | Rule acknowledged and sustained |
| Missouri | 1915 | Rogers v. Rogers | 177 S.W. 382 | Rule acknowledged and sustained |
| Montana | 1932 | Conley v. Conley | 15 P.2d 922 | Rule acknowledged and sustained |
| Nebraska | 1979 | Imig v. March | 279 N.W.2d 382 | Rule fully abrogated |
| Nevada | 1974 | Rupert v. Stienne | 528 P.2d 1013 | Rule abrogated as to vehicular torts |
| New Hampshire | 1915 | Gilman v. Gilman | 95 A. 657 | Rule fully abrogated |
| New Jersey | 1978 | Merenoff v. Merenoff | 388 A.2d 951 | Rule fully abrogated |
| New Mexico | 1975 | Maestas v. Overton | 531 P.2d 947 | Rule fully abrogated |
| New York | 1974 | State Farm Mut. Auto Ins. Co. v. Westlake | 324 N.E.2d 137 | Rule fully abrogated |
| North Carolina | 1920 | Crowell v. Crowell | 105 S.E. 206 | Rule fully abrogated |
| North Dakota | 1932 | Fitzmaurice v. Fitzmaurice | 242 N.W. 526 | Rule fully abrogated |
| Ohio | 1985 | Shearer v. Shearer | 480 N.E.2d 388 | Rule fully abrogated |
| Oklahoma | 1938 | Courtney v. Courtney | 87 P.2d 660 | Rule fully abrogated |
| Oregon | 1955 | Apitz v. Dames | 287 P.2d 585 | Rule abrogated as to intentional torts |
| Pennsylvania | 1981 | Hack v. Hack | 433 A.2d 859 | Rule fully abrogated |
| Rhode Island | 1953 | Asplin v. Amica Mut. Ins. Co. | 394 A.2d 1353 | Rule abrogated where death of either spouse intervenes between tortious act and commencement of suit |
| Rhode Island | 1978 | Digby v. Digby | 388 A.2d 1 | Rule abrogated as to vehicular torts |
| South Carolina | 1932 | Pardue v. Pardue | 166 S.E. 101 | Rule fully abrogated |
| South Dakota | 1941 | Scotvold v. Scotvold | 298 N.W. 266 | Rule fully abrogated |
| Tennessee | 1983 | Davis v. Davis | 657 S.W.2d 753 | Rule fully abrogated |
| Texas | 1977 | Bounds v. Caudle | 560 S.W.2d 925 | Rule abrogated as to intentional torts |
| Utah | 1980 | Stoker v. Stoker | 616 P.2d 590 | Rule fully abrogated |
| Vermont | 1973 | Richard v. Richard | 300 A.2d 637 | Rule abrogated as to vehicular torts |
| Virginia | 1971 | Surratt v. Thompson | 183 S.E.2d 200 | Rule abrogated as to vehicular torts |
| Washington | 1972 | Freehe v. Freehe | 500 P.2d 771 | Rule fully abrogated |
| West Virginia | 1978 | Coffindaffer v. Coffindaffer | 244 S.E.2d 338 | Rule fully abrogated |
| Wisconsin | 1926 | Wait v. Pierce | 209 N.W. 475 | Rule fully abrogated |
| Wyoming | 1943 | McKinney v. McKinney | 135 P.2d 940 | Rule acknowledged and sustained |